THE STATE OF FLORIDA *ex rel.* RAILROAD COMMISSIONERS, *Relators*, v. FLORIDA EAST COAST RAILWAY COMPANY, *Respondent*.

1. Section 30 of Article XVI of the State constitution which declares that "the legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust dis-

crimination and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other services of a public nature, and shall provide for enforcing such laws by adequate penalties or forfeitures," is not a grant of power to the legislature, nor is it a limitation upon the power of the legislature, but it is an express recognition by the constitution of a power existing in the legislative department of the State government.

2. While a discretion is allowed a common carrier corporation in the discharge of its duties to the public, such discretion must be exercised in good faith, within the limitations of the law and with reasonable regard for the public welfare, and is subject to review and to lawful regulation.

3. A lawful governmental regulation of the service of common carriers, though it may be a burden, is not a violation of constitutional rights to acquire, possess and protect property, to due process of law and to the equal protection of the laws, since those who devote their property to the uses of a common carrier, do so subject to the right of governmental regulation in the interest of the common welfare.

4. The general and special powers given to the Railroad Commissioners by the statute are ample to authorize them to make just and reasonable regulations of the schedules of railroads with reference to connections so as to afford reasonable convenience and comfort to the public affected by the service; and all such regulations when made are by the statute declared to be *prima facie* reasonable and just.

5. Even where a particular regulation causes a pecuniary loss to a common carrier, if the regulation is reasonable with reference to the just demands of the public to be affected by it and it does not arbitrarily impose an unreasonable burden on the carrier, the regulation will not be a taking of property in violation of the constitution.

This case was decided by the court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

L. C. Massey, for Relators;

Alex. St. Clair-Abrams, for Respondent.

WHITFIELD, C. J.—The alternative writ alleges in effect that the Railroad Commissioners prescribed a schedule for certain passenger trains of the respondent so as to make connections at stated points; that respondent observed the schedule for a time, and then without notice to or permission from the Railroad Commissioners disobeyed the order and changed the schedule so that the connections are not made as contemplated by the action of the Railroad Commissioners.

The command of the writ is to obey the order of the Railroad Commissioners fixing the schedule or to show cause for not doing so.

A demurrer to the alternative writ was filed and counsel argues that the Railroad Commissioners have no power to make the order prescribing the schedule and that the writ is defective in its allegations.

Section 30 of Article XVI of the State Constitution declares that "The legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other service of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures."

This section is not a grant of power to the legislature, nor is it a limitation upon the power of the legislature, but it is an express recognition of a power existing in

the legislative department of the State government.   See State *ex rel.* Lamar v. Jacksonville Terminal Co., 41 Fla. 377, 27 South. Rep. 225.

Even if the section were a limitation and the power of the legislature were restricted by the provision, it may be that the order of the Railroad Commissioners that has been violated was adopted to correct an abuse or to prevent an unjust discrimination by the common carrier.

While a discretion is allowed a common carrier corporation in the discharge of its duties to the public, such discretion must be exercised in good faith, within the limitations of the law and with reasonable regard for the public welfare, and is subject to review and to lawful regulation.   See State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South. Rep. 213, 13 L. R. A. (N. S.) 320.

A lawful governmental regulation of the service of common carriers, though it may be a burden, is not a violation of constitutional rights to acquire, possess and protect property, to due process of law and to equal protection of the laws, since those who devote their property to the uses of a common carrier, do so subject to the right of governmental regulation in the interest of the common welfare.   See State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969; Corporation Commission v. Railroad, 137 N. C. 1.

The general and special powers given to the Railroad Commissioners by the statute are ample to authorize them to make just and reasonable regulations of the schedules of railroads with reference to connections so as to afford reasonable convenience and comfort to the public affected by the service; and all such regulations when made are by the statute declared to be *prima facie* reasonable and just.

Even where a particular regulation causes a pecuniary loss to the carrier, if it is reasonable with reference to the just demands of the public to be affected by it and it does not arbitrarily impose an unreasonable burden upon the carrier, the regulation will not be a taking of property in violation of the constitution. See Atlantic Coast Line R. Co. v. North Carolina Corp. Comm'rs. 206 U. S. 1; 11 A. & E. Ann. Cas. 398 and note.

The order of the Railroad Commissioners, which the demurrer admits has been violated by the respondent, appears to be within the powers of the Commissioners, and is under the statute *prima facie* reasonable and just. Counsel has not pointed out any particulars wherein the alternative writ is fatally defective in its allegations. and no such defects are apparent.

The demurrer to the alternative writ is overruled with leave to the respondent to take such further and proper action herein as it may be advised by Monday, April 5th, 1909.

All concur, except PARKHILL, J., absent on acount of illness.