THE KING LUMBER & MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error*, v. THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error*.

1. The constitutional right of "acquiring, possessing and protecting property," is not infringed by valid governmental regulations of the use of property employed in rendering a public service. Nor are the burdens of valid regulations that effect such property a taking or depriving of property without due process of law, or a denial of the equal protection of the laws.

2. The legislature has full power to pass laws regulating the intrastate business of common carriers, and when statutes providing such regulations do not violate some provision or principle of constitutional law governing the subject, the legislative will as expressed in a duly enacted statute should be enforced.

King Lumber & Mfg. Co. v. A. C. L. R. R. Co.—Opinion of Court.

3. The rule requiring classifications made by statutes to be reasonable has reference to those who are affected by a regulation and not merely to the subject regulated.

4. Where a regulation affects alike all similarly situated with reference to the subject regulated a wide discretion is accorded to the legislature in selecting subjects for regulation. A subject of legislative regulation may be comprehensive or restrictive where constitutional provisions are not violated.

5. Sections 2864, 2865, 2866 General Statutes of 1906 regulating the transportation by a carrier of lumber or timber on "cars belonging to such carrier," do not deny to the carrier the constitutional right of "acquiring, possessing and protecting property," nor do they amount to a taking or a deprivation of property without due process of law, do not appear to be unreasonable and arbitrary in the classification of persons affected by the regulation so as to deny to the carrier the equal protection of the laws and do not constitute a burden upon interstate commerce.

This case was decided by Division A.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*W. E. Leitner,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendant in Error.

WHITFIELD, C. J.—The plaintiff in error brought an action against the Atlantic Coast Line Railroad Company to recover the amounts fixed by the statute for the failure of the railroad company to equip its flat cars "with all proper and sufficient standards, supports, stays, strips, railing and other equipments and appliances necessary to

hold and keep" lumber or timber being transported firmly in place. A demurrer to the declaration was sustained, and as the plaintiff declined to plead further final judgment was entered for the defendant. On writ of error the order sustaining the demurrer to the declaration and giving judgment for the defendant is urged as error.

The grounds of the demurrer to the declaration are in effect that the statute denies to the defendant the right of "acquiring, possessing and protecting property," and is a taking or deprivation of the defendant's property without due process of law; that the statute is unreasonable and arbitrary in its classification and therefore denies to the defendant the equal protection of the laws; that the statute constitutes a burden upon interstate commerce.

The statute first enacted in 1903 now appears as sections 2864, 2865 and 2866 of the General Statutes of 1906.

"2864. Must provide flat cars with suitable appliances for hauling lumber, etc.—It shall be the duty of every railway company or other person engaged in the business of carrying for hire in this State, to efficiently and suitably equip and supply every and all flat car and cars belonging to such carrier, and which may be furnished on which to load any cargo of lumber or timber with all proper and sufficient standards, supports, stays, strips, railing and other equipments and appliances necessary to hold and keep the cargo firmly in place.

2865. Appliances weighed as part of cars.—The standards, supports, stays, strips, railings, equipments, appliances, contrivances, etc., provided for in the preceding section shall constitute and be held and considered part and parcel of said cars and the weight of the same shall be added to the weight of the car and shall be deducted from the weight of the cargo of lumber and timber shipped, so that the freight charges shall be charged by the carriers only on the cargo.

2866. Penalty for not providing appliances.—Whenever any such carrier shall fail in the duty imposed upon it, in respect of its said cars in the two preceding sections, and the unsupplied standards, supports, strips, and other proper equipments shall be provided by the shipper, it shall be and is hereby made the duty of such carrier owning car, to pay the shipper one and one-half dollars for each and every car to which it may be necessary for said shipper to supply or provide any such standard, support, strips or other equipments, as compensation to the said shipper for the same, payment of which said sum shall be made by said carrier to said shipper upon demand of said shipper made upon any agent of said carrier, and said shipper shall have a lien therefor on said car."

The constitutional right of "acquiring, possessing and protecting property," is not infringed by valid governmental regulations of the use of property employed in rendering a public service. Nor are the burdens of valid regulations that affect such property a taking or depriving of property without due process of law, or a denial of the equal protection of the laws. State v. Florida East Coast Railway, 57 Fla. ..., 49 South. Rep. 43.

The legislature has full power to pass laws regulating the intrastate business of common carriers, and when statutes providing such regulations do not violate some provision or principle of constitutional law governing the subject, the legislative will as expressed in a duly enacted statute should be enforced.

The contention is that a failure to make the regulation applicable to cars not owned by the carrier renders the statute unconstitutional, because by limiting the regulation to cars owned by the carrier the necessary classification of those affected by the regulation is arbitrary and operates to deny to the defendant the equal protection of the laws in violation of the Fourteenth Amendment to

the Constitution of the United States. The operation of the statute upon the subject regulated affects alike all common carriers of lumber or timber by the use of cars belonging to the carrier using them. There is no violation of the constitutional provision where all are similarly affected under like conditions. The rule requiring classifications made by statutes to be reasonable has reference to those who are affected by a regulation and not merely to the subject regulated. In this case the regulation affects all similarly situated with reference to the subject regulated, and the wide discretion accorded to the legislature in selecting subjects for regulation does not appear to have been abused. A subject of legislative regulation may be comprehensive or restricted where constitutional provisions are not violated.

The "penalty" or obligation to compensate may be avoided by observing the very reasonable regulation. It does not appear that the penalty or obligation is excessive. State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969; Garrison v. Southern Ry. Co., 150 N. C. 575, 64 S. E. Rep. 578.

If the regulation is just and reasonable the railroad company cannot be heard to question the constitutionality of the statute because the regulation and the penalty prescribed for its enforcement are confined to the use of cars owned by the carrier as distinguished from the use of cars owned by others but operated by the defendant carrier. The burden of regulation imposed upon the carrier is not increased, but is diminished by limiting the regulation to cars owned by the carrier. The regulation affects all common carriers alike with reference to the subject regulated, to-wit: transportation of lumber or timber on cars "belonging to such carrier." Seaboard Air Line Railway v. Simon, 56 Fla. 545, 47 South. Rep. 1001, 20 L. R. A. (N. S.) 126. The defendant cannot claim that the act is

VOL. 58, JUNE TERM, 1909.    297

King Lumber & Mfg. Co. v. A. C. L. R. R. Co.—Opinion of Court.

unconstitutional as to it on the ground that the protection to the public or to the shippers of lumber is not complete, because the act does not extend to cars used by one carrier and owned by another. The legislature may have a lawful reason for confining the regulation to a restricted subject and a wide discretion should be accorded to the legislature when acting within its powers. The regulation does not appear to be unreasonable or arbitrary with reference to those who are affected by it; and all similarly situated are affected alike by the regulation.

Whether or not other subjects of transportation are regulated is immaterial in considering the validity of regulations of particular subjects. The validity of one legislative regulation is not affected by the mere failure to regulate other matters within the legislative power. The choice of subjects of regulation is for the legislature within its powers.

The declaration specifically alleges that the transportation that gave rise to this controversy was between points within this State. The fact that the railroad company was also engaged in interstate commerce does not relieve it of its duty to observe all valid State regulations as to its intrastate business. It does not appear that the transportation in this case imposed any burden upon interstate commerce. The statute undertakes to regulate only intrastate business. State v. Atlantic Coast Line Ry. Co., 56 Fla. 617, 47 South. Rep. 969. See also 7 Am. & Eng. Anno. Cas. 5 for extensive note.

The judgment is reversed and the cause remanded for further proceedings.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.

### REHEARING.

WHITFIELD, C. J.—In a petition for rehearing it is suggested that the court failed to notice that the statute affects only those carriers who own and furnish the cars used in transporting lumber or timber and does not affect carriers who do not own the cars used by them in transporting lumber or timber, and that the provision of the statute requiring the weight of the standards, &c., to be a part of the car and not of the cargo applies only to cars owned by the carrier, and that consequently the statute is unconstitutional because it unjustly discriminates against carriers who own the cars used by them in transporting lumber or timber, and in favor of those who use cars owned by other carriers.

It is true the statute is applicable only to carriers who use "cars belonging to such carrier," but the regulation is addressed to the business of carriers in transporting lumber or timber in their own cars and it affects alike all carriers who use their own cars in such business. The legislature may impose lawful and reasonable regulations upon any portion of the business of common carriers that does not arbitrarily or unreasonably discriminate between carriers. This statute applies alike to all carriers who use their own cars in transporting lumber or timber within this State, and consequently does not discriminate against any carrier as to the subject regulated, to-wit: the transportation of lumber or timber in cars owned by the carrier. The regulation that the weight of the standards, supports, &c. shall be regarded as a part of the weight of the car and not of the cargo applies alike to all

carriers who use their own cars in transporting lumber and timber, and it is incidental to the main purpose of the act. The regulation is not shown to be unreasonable or arbitrary.

Rehearing denied.