THE STATE OF FLORIDA, ex rel., A. S. WELLS, E. S. MATHEWS and MAMIE G. EATON, as Railroad Commissioners of the State of Florida, *Relators*, v. JACKSONVILLE TERMINAL COMPANY, a Corporation, *Respondent*.

En Banc.

Opinion filed July 19, 1928.

Petition for rehearing denied August 1, 1928.

*T. T. Turnbull,* Attorney for Relators;

*John E.* and *Julian Hartridge,* Attorneys for Respondents.

BUFORD, J.—The alternative writ of mandamus issued herein alleges that the respondent Terminal Company, a common carrier corporation, is chartered to furnish terminal railroad facilities to the city of Jacksonville, Fla.; is authorized by the several railroads entering the terminal company's depot to receive and check to destination personal baggage of passengers departing from the terminal depot over the railroad lines entering the respondent's terminal or union station and that ''in the matter of receipt

of baggage for transportation by the railroad at the Union Station in Jacksonville, Fla.,'' after notice and hearing an order was made by the railroad commissioners which includes:.

"(a) That the Jacksonville Terminal Company operates the Union Station at Jacksonville, Fla., for the railroads entering same and is authorized by said railroads to receive, check and deliver the personal baggage of passengers arriving at and departing from said Union Station and does actually perform such service of receiving, checking and delivering such baggage;

"(b) That the Jacksonville Terminal Company honors, for the purpose of identifying the personal baggage of passengers and of checking such baggage to destignation, the baggage claim checks issued to persons by the Jacksonville Baggage & Cab Company, a certain transfer company of Jacksonville, Fla., but refuses to honor, for the purpose of identifying the personal baggage of passengers and of checking such baggage to destination, the baggage claim checks issued to persons by other transfer agents;

"(c) That this practice results in an unreasonable and unjust discrimination against persons or passengers sending their baggage to the Union Station of the Jacksonville Terminal Company in Jacksonville, Fla., by persons or companies other than the Jackville Baggage & Cab Company.

"5. Therefore, to prevent unjust discrimination between passengers in furnishing baggage checking facilities at said Union Station in the city of Jacksonville, Fla., and for the good, convenience and proper accommodation of the traveling public:

"It is CONSIDERED, ORDERED AND ADJUDGED by the Railroad Commissioners of the State of Florida that effective January 16, 1928, the Jacksonville Terminal Company shall receive in its baggage room baggage properly identified by a claim check of such persons, firms or corporations as may comply with the terms of this order, and shall issue to the owner presenting a duplicate of such claim check, together with a railroad ticket, a train check for such baggage to the destination shown on the ticket. Any person, firm or corporation engaged in the business of handling and hauling baggage from hotels, residences and places of business in Jacksonville, Fla., to the passenger station of the Jacksonville Terminal Company as the agent of the prospective passengers, shall be permitted to issue duplicate claim checks for baggage and to have their claim checks recognized and exchanged for train checks by the Jacksonville Terminal Company when presented by a passenger, together with a railroad ticket, by filing with the Jacksonville Terminal Company a solvent bond executed by an acceptable surety company in favor of the Jacksonville Terminal Company in the sum of Ten Thousand ($10,000.00) Dollars, conditioned to indemnify the Jacksonville Terminal Company for all loss or damage occasioned by loss, accident, negligence or mistake in the handling of baggage by such person, firm or corporation."

It is alleged that the respondent has not complied with the order and the alternative writ of mandamus commands the respondent:

"To receive in your baggage room baggage identified by a claim check of such persons,

firms or corporations as may comply with the terms of . Order No. 950, of the Railroad Commissioners of the State of Florida, and issue to the owner presenting a duplicate of such claim check, together with a railroad ticket, a train check for such baggage to the destination shown on the ticket. And to permit any person, firm or corporation engaged in the business of handling and hauling baggage from hotels, residences and places of business in Jacksonville, Fla., to your passenger station, as the agent of prospective passengers, who has filed with you a solvent bond executed by an acceptable surety company in your favor in the sum of Ten Thousand ($10,000.00), conditioned to indemnify you for all loss or damage occasioned by loss, accident, negligence or mistake in the handling of baggage by such persons, firm or corporation, to issue duplicate claim checks for baggage and to have their claim checks recognized and exchanged for train checks by you when presented by a passenger together with a railroad ticket;

"And in all things to fully observe and comply with said Order No. 950 of the Railroad Commissioners of the State of Florida."

A motion to quash the alternative writ was filed by the respondent and the cause came on for hearing before this Court on such motion to quash.

The authority of the Railroad Commission in regard to such matters as that which is here under consideration has been very fully enunciated by this Court in State ex rel. Burr v. Jacksonville Terminal Company et al., 82 Fla. 255, 89 So. R. 641; and in State ex rel. Burr v. Jacksonville Terminal Company, 90 Fla. 721, 106, So. R. 576, and therefore, no good purpose can be served by a repetition of

those declarations. The difference between the cases which were formerly presented to this Court and the one which is now presented to this Court is that in the former cases it appeared that the order of the Railroad Commission was made for the purpose of controlling and eliminating an alleged discrimination which appeared to exist upon the part of the terminal company in behalf of and for the benefit of a particular transfer company and against all other transfer companies authorized to do business in the way of transferring baggage in the City of Jacksonville, while in the present case the clear purpose and intent of the order is, and result of the compliance by the company with the order will be, to control and eliminate an alleged discrimination on the part of the terminal company, as the agent of the several railroad companies using its facilities, as between patrons of and passengers of such railroad companies and their respective lines of railroad who may have employed different agencies to transport their baggage in the City of Jacksonville to the terminal company.

It is alleged in the writ:

"That said Jacksonville Terminal Company is authorized by said railroads to receive, check to its destination, and deliver the personal baggage of passengers arriving at and departing from said depot; and does actually perform said service of receiving, checking to destination and delivering such baggage.

"That said Jacksonville Terminal Company honors or recognizes for the purpose of identifying the personal baggage of passengers, and for the purpose of checking such baggage to its destination, the baggage claim checks issued to persons or passengers by the Jacksonville Baggage & Cab Company, a certain transfer company doing a transfer business in the City of

Jacksonville, Florida; but said Jacksonville Terminal Company refuses to honor or recognize for the purpose of identifying the personal baggage of passengers, and for the purpose of checking such baggage to its destination, the baggage claim checks issued to persons and passengers by other transfer agents.''

It is, therefore, shown that the Terminal Company has established a system for the receipt of the baggage of passengers employing a certain transfer company to transport baggage to the terminal company and the means of easy and convenient identification of such baggage by the owners thereof, when they desire a railroad baggage check to destination, but that the terminal company declines to extend the benefits of this system to other passengers identically situated except in that such other passengers have employed other agencies to deliver their baggage to the terminal company.

Mr. Justice ELLIS in a dissenting opinion filed in the case of State, ex rel. Burr v. Jacksonville Terminal Company, 90 Fla. 761, says:

''The State has the power to prevent the terminal company from practicing such discrimination between prospective passengers whose baggage has been received by the company for transportation over the line of a railroad company using and employing the terminal company's facilities, and to require the establishment of a system by the company that will secure to all persons alike equal facilities in the matter of the identification of baggage for checking to destination. This proposition would seem to require no proof.''

And, further, he says:

"The powers of the railroad commission are broad enough under the statute to include the authority to make reasonable regulations respecting the handling of baggage belonging to prospective railroad passengers by the terminal company and providing a reasonable system for its safekeeping and convenient identification by its owners after it has been received by the terminal company."

And the court, speaking through Mr. Justice Whitfield in the majority opinion in that case, say:

"While the right to the management and control of the property of common carriers is inherent in the carriers who own or operate the property (State ex rel Railroad Com'rs v. Atlantic Coast Line R. Co., 60 Fla. 465, 54 So. R. 394), yet, because of the nature of the service rendered and the immediate interest of the public therein, supervision and regulation of the operation and of the business done as common carriers are within the powers of the State as to intrastate business when lawful Federal authority is not dominant (Houston & W. T. R. Co. v. United States, 234 U. S. 342, 34 Sup. Ct. R. 833; American Exp. Co. v. State of South Dakota, ex rel., Caldwell, 244 U. S. 617, 37 Sup. Ct. R. 656; Railroad Commission of Wisconsin v. Chicago B. & Q. R. Co., 257 U. S. 563, 42 Sup. Ct. R. 232, 193 U. S. 53) and this governmental supervision and regulation may be lawfully exerted through administrative officers and commissions or boards when they are validly constituted, and their governing powers and duties in the premises are legally defined and limited by duly enacted statutes. Atlantic Coast Line R. Co. v. North

Carolina Corp. Commission, 206 U. S. 1, 27 Sup. Ct. R. 585; McWhorter v. Pensacola & A. R. Co., 24 Fla. 417, 5 So. R. 129. In view of the nature of the service rendered and its relation to the public interest, the burdens to the carrier that are incident to lawful governmental supervision and regulation to conserve the public welfare, do not deprieve the carrier of property rights, without due process of law. State, ex rel. Railroad Com'rs. v. Florida East Coast Ry. Co., 57 Fla. 522, 49 So. R. 43.''

It appears incontrovertible that the terminal company may not subject one class of passengers to an inconvenience in the matter of the identification of baggage and from which it protects and saves another class; and that if it attempts to do so, such action on its part constitutes discrimination which the relators, being the governmental agency having supervision of such matters may by reasonable regulation prevent in the exercise of the sound judgment of the relators under our statutes.

The respondent has cited numerous authorities touching and defining the rights of terminal companies and common carriers to contract with particular baggage transfer companies in such manner as to give such baggage transfer companies certain exclusive privileges. We are in harmony with the law as expressed in the cases cited as applied to the facts in those cases, but we do not conceive the law as enunciated in those cases to have binding effect in this case because the questions there presented are not identical with the question which is here to be determined. The question here to be determined is whether or not the terminal company may discriminate by rendering a service to one class of its passengers which it does not render to another class of its passengers and in the rendering of a service which

the terminal company as agent for the railroad company and as a common carrier owes to the public in the performing of its duty to safely keep and to provide equal facilities for the identification of baggage. It is clearly within the power of the railroad commission to function on behalf of the public in regard to this alleged discrimination.

The order only applies to those passengers who employ such agents to deliver baggage to the terminal company as shall have filed with the terminal company a solvent bond executed by an acceptable surety company in favor of the terminal company in the sum of $10,000.00, conditioned to indemify the terminal company for all loss or damage occasioned by loss, accident, negligence or mistake in the handling of baggage by such transfer company. This provision of the order appears to have been included to meet the views of this Court in that regard as expressed in the majority opinion in State, ex rel., Burr v. Jacksonville Terminal Company, 90 Fla. 761, 106 So. R. 576.

The motion to quash should be denied, and it is so ordered.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.