**CAPELETTI BROTHERS, Inc. v. DADE COUNTY PORT AUTHORITY, et al.**
No. 66-C-6860.

Circuit Court, Dade County.

December 6, 1966.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for plaintiff.

James F. Eckhart and Thomas G. Spicer, both of Miami, for defendants.

BYRD V. DUKE, Jr., Circuit Judge.

*Final decree:* Final hearings in this cause were held on the issues made by plaintiff's complaint for injunction, defendants' answer seeking affirmative relief, and plaintiff's reply thereto. The court heard the testimony submitted at the various hearings, carefully reviewed the transcript of testimony and evidentiary exhibits, and made an independent research of law. Upon consideration thereof, the court finds the plaintiff has proved the material allegations of its complaint by a preponderance and is entitled to injunctive relief, and that the equities of this cause are with the plaintiff.

This cause presents for determination the question of the validity of an administrative order issued on June 24, 1966, by the director of the Dade County Port Authority. By such administrative order, the port director declared that all trucks were prohibited from further using or travelling on South Perimeter Road, except those trucks making deliveries to and from certain designated areas of the Miami International Airport. The objective sought to be accomplished by said administrative official, as stated in his administrative order, is as follows —

". . . to eliminate through truck traffic, on that part of the Miami International Airport known as the South Perimeter Road, and to restrict the use of such Road to those trucks having commercial business of loading and/or unloading or making deliveries and/or pick-ups on these portions of the Miami International Airport, commonly

known as the 20th Street Terminal Area and/or the M.I.A.D. Area.

"All truck traffic using the South Perimeter Road for thoroughfare, thru traffic, or short cut purposes and not having bonafide reasons for business of delivering or picking up on the Airport as aforementioned, will be in violation after 7:00 A.M., June 27, 1966, (Monday)."

Upon the effective date of his administrative order, the port director caused arrests to be made for violations thereof. Violators were charged with offenses triable in the metropolitan court of Dade County. Arrests were made by the sheriff of Dade County, pursuant to instructions of the port director. Trucks operated for plaintiff and certain other business concerns were barred from travelling on South Perimeter Road by arresting the drivers, while other trucks using the road as a through thoroughfare were not stopped or subjected to arrest. The difficulty in distinguishing between trucks which were subject to the administrative order, and those exempt from the force and effect thereof, undoubtedly resulted in discrimination in the enforcement of the port director's order.

South Perimeter Road is located on the Miami International Airport and extends mainly along the southerly boundary of the airport. It was constructed with funds provided by the Dade County Port Authority and the federal government. Its purpose was to provide a means of traffic movement within the airport and to provide ingress and egress to the airport by the public. South Perimeter Road connects with arterial roads constructed with funds provided by Dade County and the state road department, and by reason of its interconnection with the existing county road system, it provides the most convenient, direct and feasible east-west access between Palmetto Expressway and LeJeune Road. It constitutes the only means of through east-west access for the area between Northwest 36th Street and Flagler Street. South Perimeter Road has been relocated, extended and improved from time to time. The general public has been permitted to utilize it as a means of thoroughfare without interference for a number of years. A traffic survey conducted by Dade County established that 93% of the motor vehicles on South Perimeter Road had no relation with airport business, but were using the road for through access purposes. This created traffic congestion and caused interference with traffic movements of officials and tenants of the airport. The port director made a report to the board of county commissioners

concerning this situation. The board gave the port director informal directions to take such administrative action as he deemed appropriate to alleviate the traffic congestion. The port director thereupon promulgated his administrative order prohibiting through truck traffic on South Perimeter Road.

At about the same that the port director was prohibiting through truck traffic on South Perimeter Road, the board of county commissioners acting as the Dade County Port Authority, pursuant to recommendation of the port director, adopted a resolution granting to an individual business concern the right to use South Perimeter Road as a means of access. Thus, the enforcement of the port director's administrative order was not uniform and equal as to all persons in the same class. It is well settled that under the fourteenth amendment to the constitution of the United States unjust and illegal discrimination may arise from the enforcement of a regulatory measure that is perfectly valid on its face and prescribes reasonable classification of those affected thereby. Richey v. Wells, 166 So. 817. It is not necessary for the court to determine whether the classification specified in said administrative order constitutes unjust and illegal discrimination condemned by the constitution, or whether under the circumstances any species of estoppel exists in respect to the use of South Perimeter Road for through truck traffic.

The board of county commissioners, acting as the Dade County Port Authority, operates the Miami International Airport. The Dade County Port Authority is a title utilized by the board of county commissioners in exercising powers relating to the airport. As stated by the Supreme Court of Florida in Burton v. Dade County, 166 So.2d 445 (Fla. 1964) —

". . . the Dade County Port Authority is merely a name given to the Board of County Commissioners 'for administrative convenience' under Chapter 22963, Laws of Florida, 1945. The Port Authority is in reality the Board of County Commissioners under a different name. It is not a separate political subdivision. It is the Board of County Commissioners sitting in its capacity as an agency of Dade County to supervise the operation of that County's airport."

It is undisputed that the board of county commissioners is vested with full power and authority to enact local legislation or promulgate reasonable, non-discriminatory regulations governing the Miami International Airport. However, the board has not exercised such power with respect to any restriction on the public use of South Perimeter Road. Neither the Dade

County Traffic Ordinance (chapter 30 of the Code of Metropolitan Dade County), nor the Port Authority Rules and Regulations (chapter 25 of the Code of Metropolitan Dade County) purport to impose any such restrictions. In the absence of the port director's administrative order, no restriction exists upon the use of South Perimeter Road by the general public as a means of through access by all motor vehicles, including trucks.

The port director contends for the validity of his administrative order on the basis of instructions given him by the board of county commissioners to alleviate traffic congestion on South Perimeter Road, and the verbiage of the Port Authority Rules and Regulations providing that no person shall operate any motor vehicle on the airport except as directed by the port director.

The Port Authority Act (chapter 22963, Acts of 1945, Laws of Florida, as amended) expressly authorizes the board of county commissioners to adopt and promulgate suitable rules and regulations for the operation of the Miami International Airport. The Supreme Court of Florida, in Miami Beach Airline Service v. Crandon, 32 So.2d 153 (Fla. 1947), and North American Co. v. Bird, 61 So.2d 190 (Fla. 1952), declared that the power and authority to operate the Miami International Airport, and to promulgate rules and regulations governing the operation thereof, is vested in the board of county commissioners. Although the board of county commissioners, acting as the Dade County Port Authority, has plenary power to adopt rules and regulations governing the operation of the airport property and facilities, the board may not delegate such legislative power to administrative personnel. The generally accepted rule is to the effect that legislation which vests in administrative personnel or agencies arbitrary discretion to regulate by granting or withholding rights, without prescribing definite rules and conditions for the guidance of the administrative authorities, is invalid. Permenter v. Younan, 31 So.2d 387, 389; Drexel v. City of Miami Beach, 64 So.2d 317. Legislation which merely gives a broad prescription without accompanying standards is an unconstitutional delegation of authority. In Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla. 1962), the court stated the applicable rule of constitutional law, as follows —

"... The Legislature may, of course, delegate the performance of certain functions to administrative agencies provided that in doing so it announces adequate standards to guide the ministerial agency in the execution of the powers

delegated. The Legislature cannot delegate to an administrative agency, even one clothed with certain quasi-judicial powers, the unbridled discretion to adjudicate private rights. It is essential that the act which delegates the power likewise defines with reasonable certainty the standards which shall guide the agency in the exercise of the power. Husband v. Cassel, Fla., 130 So.2d 69. See also Drexel v. City of Miami Beach, Fla., 64 So.2d 317; North Bay Village v. Blackwell, Fla., 88 So.2d 524."

And in Godshalk v. City of Winter Park, 95 So.2d 9 (Fla. 1957), the court invalidated an ordinance vesting in an administrative board arbitrary discretion to grant or revoke licenses to engage in a lawful business, without prescribing definite rules for the guidance of such administrative authority in the exercise of its discretion. The court said —

"We are of the opinion that while the ordinance in question might, upon superficial examination, appear to establish some means for the use of an administrative body in determining the competency of an applicant, when these purported standards are considered with the thing to be tested, it becomes evident that in truth and in fact the ordinance establishes no standards at all and leaves the granting or denial of a license wholly within the uncontrolled discretion of the Board. Accordingly, we hold that Ordinance No. 548 of the City of Winter Park contains an unconstitutional and, therefore, fatal delegation of legislative power. . . ."

And in Husband v. Cassell, 130 So.2d 69 (Fla. 1961), the Supreme Court of Florida quoted with approval the holding in Pridgen v. Sweat, 170 So. 653, as follows —

"The Legislature may expressly authorize designated officials within definite limitations to provide rules and regulations for the complete operation and enforcement of the law within its express general purpose, but it may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying the law. State v. Duval County, 76 Fla. 180, 79 So. 692; Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789; Spencer v. Hunt, supra; State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969, 32 L.R.A. (N.S.) 639; Id., 60 Fla. 465, 54 So. 394; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446; State [ex rel. Mason] v. Rose, 122 Fla. 413, 165 So. 347."

In the absence of any valid grant of power by the board of county commissioners conforming to constitutional requirements, the port director was without lawful authority to impose restrictions on the public use of South Perimeter Road by administrative order, and to cause arrests to be made for violations thereof.

Accordingly, it is ordered, adjudged and decreed — (1) The said administrative order issued on June 24, 1966, by the director of the Dade County Port Authority is declared to be invalid, void and unconstitutional. (2) The temporary injunction heretofore entered in this cause is made permanent, and the defendants, and their agents, servants, employees and representatives, are permanently enjoined and restrained from enforcing said administrative order. (3) The injunction bond in the penal sum of $10,000 filed in this cause by the plaintiff is cancelled, and Capeletti Brothers, Inc., a Florida corporation, as principal, and Pacific Indemnity Company, a California corporation authorized to do business in the state of Florida, as surety, are hereby forever released and relieved of and from all liability under said injunction bond.