O. G. PRIDGEN v. REX SWEAT, as Sheriff of Duval County.

170 So. 653.

Division A.

Opinion Filed June 30, 1936.

*Whitaker Brothers* and *James H. Bunch,* for Petitioner; *Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant Attorney General, and *W. B. Dickenson,* for Respondent.

BROWN, J.—This is a habeas corpus proceeding which involves the constitutionality of Section 10, Chapter 14708, Laws of Florida, 1931.

The petition for the writ of habeas corpus alleges that the petitioner was detained and incarcerated by the respondent sheriff of Duval County under and by virtue of an information filed in the Criminal Court of Record of said County, and the capias issued thereunder, which information charged the petitioner with unlawfully practicing dentistry in said county without first having secured a certificate from the Florida State Board of Dental Examiners, as required by law. It is further alleged that the information is based upon Section 10 of said Chapter 14708, which section is alleged to be invalid, unconstitutional and void for various reasons. The petition was addressed to this Court and, raising as it does a question of public interest, this Court issued the writ as prayed for. The sheriff's return merely states that he is holding the petitioner in custody under the capias and information described in the petition.

Chapter 14708, Laws of 1931, is entitled "An Act to regulate the practice of dentistry, dental surgery and dental hygiene in the State of Florida, and to provide penalties for the violation of any of the provisions of this Act." The Act provides for a State Board of Dental Examiners, consisting of five members, to be appointed by the Governor. Section Nine provides that every person who desires to practice dentistry, or dental surgery, or any branch thereof, within the State of Florida, shall file with the Secretary-Treasurer of said Board a written application upon a form prescribed by the Board and furnish satisfactory proof that he is at least twenty-one years of age and of good moral character. The application must be sworn to and accompanied by the applicant's diploma or certificate of gradu-

ation from "an accredited dental college as defined by the National Association of Dental Examiners."

Section 10 of this Act, here assailed, reads as follows:

"When such application and accompanying proof are found satisfactory, the Board shall notify the applicant to appear before it for examination, at a time and place to be fixed by the Board. Examination shall be both written and clinical, and shall be practical and theoretical, and shall be of such a character as to test the qualifications of the applicant to practice dentistry or dental surgery, and shall include such subjects as are taught in accredited dental schools, and any other subjects which in the discretion of the Board are necessary. All examination papers shall be filed with the Secretary-Treasurer of the Board and kept for reference and inspection for a period of not less than two years. Should the applicant pass a satisfactory examination he or she shall be granted a certificate by the Board, signed by the Chairman and the Secretary-Treasurer of the Board, and bearing the seal of the said Board, which certificate, when duly recorded, shall be conclusive evidence of his or her right to practice dentistry or dental surgery in this State."

The Act contains thirty-four sections, one of which makes it a misdemeanor punishable by fine or imprisonment to practice dentistry or dental surgery in this State without first having obtained and had recorded a certificate from said Board.

The language of Section 10, against which counsel for petitioner leveled their heaviest artillery, is that contained in the second sentence of said section and particularly the clause reading as follows: "and shall include such subjects as are taught in accredited dental schools, and any other subjects which in the discretion of the Board are necessary."

Petitioner does not allege that the Board had required him to take an examination which was in any respect unreasonable, arbitrary, or improper or had refused him an examination under the Act. So we have here presented the bald question, whether, on its face, Section 10, is unconstitutional and void, either as a whole, or in some part thereof so vital to the remainder that the whole must fall.

The requirement that the examination "shall include such subjects as are taught in accredited dental schools" should be construed in connection with that provision of Section 9 of the Act which requires that the applicant for examination shall file "his diploma or certificate of graduation from an accredited dental college as defined by the National Association of Dental Examiners." This Section 9 was held valid, as against the contention that it violated constitutional provisions concerning the division of powers and delegation of legislative authority, in the case of Spencer v. Hunt, 109 Fla. 248, 147 So. 282. This general question was ably discussed in the opinion written for the Court by Mr. Justice Ellis in the cited case. Sections 9 and 10 taken together sufficiently define what is meant by the term "accredited dental schools."

Counsel for petitioner cite among others the case of Dent v. West Virginia, 129 U. S. 114, 32 L. Ed. 623. In that case it was held that a State statute requiring every practitioner of medicine to obtain a certificate from the State Board of Health that he is a graduate of a reputable medical college is not unconstitutional under the 14th Amendment. In the opinion in that case it was said:

"The power of the State to provide for the general welfare of its people authorizes it to prescribe all such regulations as in its judgment will secure or tend to secure them against the consequences of ignorance and incapacity as well

as of deception and fraud. As one means to this end it has been the practice of different States, from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the State as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study and application, that they can operate to deprive one of his right to pursue a lawful vocation."

Applying this doctrine, the requirement of Section 10 that the examination "shall be of such a character as to test the qualifications of the applicant to practice dentistry or dental surgery and shall include such subjects as are taught in accredited dental schools," is neither unreasonable nor arbitrary, if fairly and justly administered by the Board in keeping with the plain language of the statute. The presumption is that public officers will do their duty, and there being no showing here of any discrimination or wrongful conduct on the part of the Board, such presumption, in the absence of such showing, would obtain. It might have been a desirable safeguard against possible discrimination if the statute had required the Board of Dental Examiners to adopt a gneral rule or regulation specifying the subjects

upon which all applicants would be examined, for in such case the reasonableness and validity of such a gneral rule could easily be reviewed by the courts. But in view of what was said in the above cited case of Dent v. West Virginia, and also in the opinion of this Court in Spencer v. Hunt, *supra,* we are by no means convinced that the clauses of the statute above referred to amount to a delegation of legislative power, or that it is so vague and indefinite in its meaning as to deny to an applicant for examination due process of law or the equal protection of the laws.

But we cannot say that much for the last clause in the second sentence of Section 10 which reads: "And any other subjects which in the discretion of the Board are necessary." The Legislature may expressly authorize designated officials within definite limitations to provide rules and regulations for the complete operation and enforcement of the law within its express general purpose, but it may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying the law. State v. Duval County, 76 Fla. 180, 79 So. 692; Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789; Spencer v. Hunt, *supra;* State v. A. C. L. Ry. Co., 56 Fla. 617, 47 So. 969; 60 Fla. 465, 54 So. 394; Panama Refining Co. v. Ryan, 293 U. S. 388, 79 L. Ed. 446; State v. Rose, 122 Fla. 413, 165 So. 347.

Under this provision, the Board would be authorized to add any other subjects to those taught in accredited dental schools which in its discretion it might think necessary, however unrelated such additional subjects might be to the science of dentistry or dental surgery, and it might change these added subjects with each examination. This would open the door to rank discrimination as between applicants without any means of redress. Thus, this provision is not

only undefined delegation of legislative power, but it would easily operate to deny the equal protection of the laws. Nor can the validity of this clause be saved by the attempted application of the *ejusdem generis* rule. The language of this clause will not permit the application of such rule. And it falls within the condemnation of the rule against the delegation of legislative power by vague and general provisions as laid down in the case of State, *ex rel.* Davis, v. Fowler, 94 Fla. 752, 114 So. 435. The majority of the Court do not consider that the holding here is in conflict with the holding in Gandy v. Borras, 114 Fla. 503, 154 So. 248. However, this does not mean that all of Section 10 must fall. The objectionable clause above referred to is in and of itself unconstitutional and void, but it may be regarded as stricken from the Act, thus leaving the remainder of Section 10, entirely workable and in full force and effect, so far as the attacks made in this case on the constitutionality of that section are concerned.

We have considered the various questions argued and the authorities cited in the able brief of counsel for petitioner, but we are not convinced beyond a reasonable doubt that Section 10 (except as to the particular clause above quoted) is unconstitutional. Whether the elimination of such clause from the Act would have had any effect upon petitioner's case in the lower court is not shown by the petition. So far as the allegations of the petition are concerned, the examination of the petitioner, if he was indeed examined, might have been confined to questions upon such subjects as are taught in accredited dental schools, and hence within the valid requirements of the Act.

For the reasons pointed out the writ of habeas corpus heretofore granted by this Court is quashed and the petitioner is remanded to the custody of the respondent sheriff.

Writ quashed and petitioner remanded to custody.

WHITFIELD, C. J., and DAVIS, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.

ELLIS, P. J., concurs specially.

ELLIS, P. J. (concurring specially).—I think that an elimination of any portion of Section 10 of Chapter 14708, Laws of 1931, for the reason given in the opinion, is in conflict with the holding of the majority opinion in the case of Gandy v. Borras, 114 Fla. 503, 154 South. Rep. 248, which held that the general words used in the Act, Section 3579 C. G. L. 1927, relating to the examination of an applicant for a permit to operate a moving picture machine, must be limited in meaning to a practical and elementary examination of the applicant as to his knowledge of electricity insofar as that subject is related to the operation of a moving picture machine, and by the same method of reasoning the language contained in Section 10 of Chapter 14708, Laws of 1931, which is stricken from the Act as bad, may be construed to be limited in the examination of the applicant for a permit to practice dentistry to such subjects only as are taught in accredited schools of dental surgery.

While I agree with the conclusion reached by Mr. Justice BROWN that the petitioner should be remanded, I do not agree with the statement in the opinion that any portion of Section 10, *supra,* relating to the examination of the applicant is invalid because under the authority of the Gandy case, *supra,* the portion so stricken must be limited in meaning to an examination in such subjects pertaining to the practice of dentistry as are taught in accredited schools of dental surgery.

## On Rehearing.

Per Curiam.—A rehearing and reargument was granted in this case, upon which, among other things, it was contended by petitioner that Section 10 of the Act is unconstitutional because it does not fix any grade or percentage that an applicant shall make in order to be entitled to be held by the Board to have successfully passed the examination.

We do not deem this contention tenable. The Act gives the Board the power to adopt rules for their government, and nothing appearing to the contrary, the Court will presume that they have done so. If the Board has adopted any arbitrary or unreasonable rule in regard to this matter of passing grades, it has not been made to appear in this case, if indeed it could have been done under the issues presented, which in this habeas corpus proceeding are very narrow in their scope, as explained in our previous opinion, and merely go to the constitutionality *vel non* of the statute on its face. It has not even been made to appear in this proceeding that the petitioner was ever examined by, or that he ever applied to, the Board for an examination. The statute contemplates, of course, that only fair and reasonable rules should be adopted by the Board, and in the absence of a showing to the contrary, the Court would have to indulge the presumption that these officials have done their duty in this respect.

Original opinion and judgment adhered to and reaffirmed on rehearing.

Whitfield, C. J., and Brown and Davis, J. J., concur.

Ellis, P. J., and Terrell and Buford, J. J., concur in the opinion and judgment.

Davis, J. (concurring).—I concur in the order to be made

with the following additional observations that I deem pertinent:

Conditions annexed to the issuance of a professional license, such as to practice dentistry, are mere limitations upon the right of an applicant to have a license issued to him when he applies for it, and such conditions are severable from the requirement that a license should be applied for. Therefore, when it is contended that a statute has annexed to the issuance of a required license for the practice of a particular profession, the engaging in which is made unlawful absent such license, some unconstitutional, unreasonable, invalid or unenforceable condition precedent the remedy for the intended licensee to pursue is to invoke mandamus to compel the issuance of a license the non observance of the unconstitutional, invalid unreasonable or illegal condition precedent to the contrary notwithstanding, in which event the court will compel the license to be issued absent such objectionable conditions as are found to have been annexed to the right to obtain it. So it is no defense in a criminal case to show that a license has been wrongfully denied, since the requirement of license *per se,* is an enforceable police regulation; the remedy for wrongful refusal of license being to proceed by mandamus to obtain, or sue the officials in an action on the case if they fraudulently or maliciously deny it.