MATHEWS, Justice.
This is an appeal from the final decree in a suit brought in Leon County, Florida. The appellant was a licensed pharmacist under the laws of the State of New York. He is a graduate from the Columbia University College of Pharmacy of New York City. He applied to the Board of Pharmacy of the State of Florida (not for the privilege of taking an examination, but) for a certificate of registration as a pharmacist in this State. The Board refused to grant him a certificate unless he took and passed an examination under the provisions of section 465.02(1) F.S.,F.S.A.
It was the contention of the applicant that section 465.02(1) F.S.,F.S.A., was an unconstitutional delegation of power of the Legislature to the Pharmacy Board because of the unrestricted power to fix the scope of the examination. Fie claims that the Board’s refusal to grant him a certificate without examination is unreasonable, arbitrary and discriminatory and deprives him of his property without due process of law.
Section 465.02(1) F.S.,F.S.A., provides in part as follows:
“The board of pharmacy * * * shall * * * examine under such rules and regulations as such board may prescribe * * * [applicants for registration as pharmacists] * * * and if a majority of said board shall be satisfied, that said person is competent ' and fully qualified to conduct said business of compounding or dispensing drugs ’ * * * they shall *267 * * * issue to him a registered pharmacist’s certificate.”
Section 465.02(1) F.S.,F.S.A., does not delegate to the Board of Pharmacy “unrestricted power to fix the scope of the said examination.” On the contrary, said section fixes a definite and express limitation: “The board of pharmacy * * * shall * * * examine * * * [applicants for registration as pharmacists] * * It is not authorized to examine applicants for registration as barbers, lawyers, plumbers, electricians, realtors, or any other profession, except that of pharmacist. The Legislature is not made up of pharmacists. Its membership composes people from all walks of life. Instead of the Legislature itself attempting to name the books or the subjects, upon which an applicant should be examined, it left such matters to the discretion of pharmacists, those who are best qualified to select the particular subjects of the examination, and such subjects were limited to those upon which the Board could reach a determination that a person was competent and qualified to compound and dispense drugs.
We have repeatedly held that where the constitutionality of a statute was assailed and it is reasonably susceptible of two interpretations, by one of which it would be unconstitutional and by the other it would be valid, it is the duty of the Court to adopt that construction which will save the statute from constitutional infirmity. See Boynton v. State, Fla., 64 So.2d 536, and authorities cited therein. It was the intent of the Legislature to enact a valid statute and to limit the subjects of the examination to those from which the Board could determine that a person is competent and qualified to compound or dispense drugs.
In the final decree the Chancellor, among other things, made the following findings and determinations:
“Plaintiff’s contention is predicated upon the claim that the cited statute attempts to delegate legislative powers to the Board of Pharmacy for the State of Florida. He relies almost exclusively upon the decision of the court in Pridgen v. Sweat, [125 Fla.598], 170 So. 653. In that case the court construed certain words in the statute there under consideration as authorizing the Board of Dental Examiners to examine applicants upon, subjects entirely unrelated to the practice of dentistry and held that this rendered that particular portion to the act invalid. The court held valid that portion of the act authorizing examinations ‘of such character as to test the qualifications of the applicants to practice dentistry or dental surgery # * ¡M
>1= * * * * *
“It has often been held that the intent of the Legislature as determined from an examination of the entire statute is the law. Applying this rule the court is of the opinion that the examination authorized is limited to such subjects and to such degree of skill in such subjects as will reasonably, lead to a determination of the fitness of the applicant to practice pharmacy. The examination is for the sole purpose of ascertaining that the applicant ‘is competent and fully qualified to conduct said business of compounding or dispensing drugs.’ It is obviously the legislative intent that the examination be limited to this purpose. It would be an abuse of official discretion for the Board to examine an applicant as to any matters beyond the scope of the purpose for which the examination is authorized.
“Thus construed, the statute is more analogous to the portion of the statute sustained in Pridgen v. Sweat, supra, than to the portion held invalid.
* * * * * *
“Considered, Ordered, Adjudged and Decreed by the court
“1. Section 465.02(1) Florida Statutes, F.S.A. is not unconstitutional or invalid.
“2. Plaintiff is not entitled to be registered as a pharmacist without tak *268 ing the examination provided for by law.”
The final decree was without error.
Affirmed.
ROBERTS, C. j., and TERRELL, THOMAS, SEBRING, HOBSON and DREW, JJ., concur.