HOBSON, Justice.
Appellant is a tile contractor who sought an occupational license under the terms of Ordinance No. 548 of the City of Winter Park. Although the license was issued, *10 appellant was notified that the issuance was in error and that he'had failed to pass an examination which he had taken with a view to qualifying under the ordinance. Noticed for hearing on the revocation of his occupational license, appellant brought suit for a declaratory decree, contending that Ordinance No. 548 is invalid.
It was stipulated before the trial court "that the sole issues presented for determination were (1) whether or not Ordinance No. 548 was a valid ordinance “in that it fails to set up. proper standards to regulate the actions of 'the Winter Park Tile Examining Board” and (2) whether or not said Board as presently constituted complies' with the provisions of the ordinance.- On both of these issues the trial -judge ruled against the appellant, and the complaint was dismissed.
 'Á contention which appellant now makes is 'that Ordinance No. 549 is invalid ■ in that it seeks to regulate the business of a title contractor, which is not affected with the public interest and bears no real or substantial relationship to any of the legitimate objectives of the police power.. Appellant relies, for example, upon Sullivan v. DeCerb, 156 Fla. 496, 23 So.2d 571, wherein we held invalid an act seeking to regulate and control the practice of photography. But .this issue is not ripe .for our determination in the case before us because of the position taken by the appellant in. the trial court. Indeed appel-lees in their brief assert, and it is not challenged by appellant, that in the proceedings below counsel for appellant, in answer to á direct question from counsel for appel-lees, “stated that he had abandoned any argument on the power of the City of Winter Park to regulate the trade or occupation of a tile contractor.” The stipulation as to the issues also rules out the question of whether or not the ordinance is discriminatory in that similar trades are not regulated. Appellees assert that the .stipulation was made before the time for taking testimony had expired, and in reliance upon such stipulation no testimony was offered upon the issues now sought to be introduced. On this state of the record we are bound to consider only those issues which were placed before the trial judge. See Jones v. Kind, Fla., 61 So.2d 188; Florida Power Corp. v. Pinellas Utility Board, Fla., 40 So.2d 350; Southern Liquor Distributors v. Kaiser, 150 Fla. 52, 7 So.2d 600; Dewey v. State, 135 Fla. 443, 186 So. 224; Green v. Parmelee, 134 Fla. 289, 183 So. 726; Jacques v. Wellington Corp., 134 Fla. 211, 183 So. 718; Monticello Drug Co. v. Porter Clothing Co., 111 Fla. 55, 149 So. 25. We must, therefore, dispose of the 'issues which are properly raised upon the assumption that the City was authorized to regulate the business of a tile contractor, ■although this assumption is in no sense to be considered as a determination of such issue on the merits.
We are not, however, foreclosed from considering the nature of the business of a tile contractor as it relates to the sufficiency of the standards which the ordinance establishes to regulate the ' actions of the Board.
Concerning such standards, the following provisions of Ordinance No. 548 are pertinent:
“For the purpose of this ordinance, the term ‘Tile contractor’ is defined to mean a person who is generally engaged in the business of planning, laying out, and supervising the installation of ceramic floor and wall tile, both glazed and unglazed, both clay and porcelain, or terrazzo flooring or marble flooring and wainscoting (whether by job, or day by day) with members of the general public, and contracts to furnish labor, or material, or supplies in performing and fulfilling such contracts. * * *
“The Board shall examine applicants as to their practical knowledge of the installation of tile as defined in this ordinance. Examinations shall be made *11 in whole, or in part, in writing, arid shall be a [sic] practical and elementary character, hut sufficiently strict to test the qualifications of the applicant to carry on the trade of a tile contractor and to satisfy as to the applicant’s ability as such and his familiarity with rúles and ordinances governing the installation of tile. A grade of 75 per cent shall be considered a passing grade. If satisfied as to the competency - of such applicants, the Board shall issue to him á certificate .of competency -authorizing him to en- . gage in or work at the trade or busi-, ness of a. tile contractor as herein .defined.”
Most of this language was' apparently taken from the statute which we had befpre , us in Gandy v. Borras, 114 Fla. 503, 154 So. 248, which was upheld by the majority of the' court, three justice's concurring in the opinion that the standards set up were sufficiently definite, - and one. justice concurring only in the conclusion that the statute was constitutional. In the later case of State ex rel. Reynolds v. City of St. Petersburg; 133 Fla. 766, 183 So. 304, 118 A.L.R. 667, a related question was'-1 raised and w'e upheld the statute unanimous- - ly,- one justice concurring only in the con- - elusion. - ' ' - '
In Levine v. Hamilton, Fla., 66 So.2d 266, we examined and upheld a statute authorizing the . Board of Pharmacy to examine applicants.
This brings us to a consideration of the difference between the ■ trades or professions sought to be regulated in-the cases we have mentioned and the business of a tile contractor.' In the Gandy case the business sought to be regulated was the operation of á moving picture machine, the statute having been enacted for the public safety, in view of the highly inflammable nature of moving picture'film.1 The' examination, however,- was to be designed1 to test the applicant’s knowledge of electricity, which is a subject in which academic courses are given in schools, and examinations com- '• monly prepared. As we have stated, three '• justices of this court considered the standards definite enough. ■ .
In State ex rel. Reynolds v. City of St. Petersburg, supra, the -business regulated was that - o-f -a general - contractor.' -The standards established by the ordinance were as follows:
“Each, applicant shall be. examined. , by., oral, written and.practical,tests,-, as.. to -his fitness to be granted a. general Contractor’s certificate; and shall be -,v graded as follows; [4 written; l/j.oral. ■ and Ys practical,, with passing grade . of 75%. . . .
“The oral and written tests shall 'bé made with reference to knowledge of the Building Code; the practical test shall be evidencetyf work done iri 'class for which application is 'rnade,' and such evidence may be furnished by photographs with affidavits of such construction, and/or affidavits of competency from persons for which said ' work was done. '
“If the applicant, however,'shall-fail to make a grade of 75%. as. above provided, then, the Examining Board-shall refuse to grant'such-certificate.”. 183 So. 304, 310.
It should be noted that the. oral arid written tests were to be made only with reference to the applicant’s knowledge of the-build- . ing code of the City of St. Petersburg," a definite and ascertainable set of rifles. 1
In Levine v. Hamilton, supra, wé¡ upheld a grant of power to the State Board of- - Pharmacy, in effect permitting the Board to examine- applicants for registration as pharmacists for the purpose of ascertain'-' ing whether or not the applicant is qualified' to conduct the- business of- compounding or dispensing drugs. We upheld the--stat-" ute on authority of Pridgen v. Sweat, 125 Fla. 598, 170 So. 653, in which c'a's'e--we had held valid a portion of - the statute' *12 authorizing the examination of prospective dentists by the Dental Board.
In all of the above cases the subjects prescribed for examination were academic in nature and readily ascertainable by the skilled members of the administrative board, except for the City of St. Peters-burg case, where two-thirds of the examination concerned the building code. Considering the subjects to be covered by examination in those cases, the standards were far more definite than those with which we are concerned in the case at bar. We cannot conceive that any academic subject which might be susceptible of written examination would form a part of a tile contractor’s necessary educational equipment, nor is it stated in the ordinance what percentage of the examination will be used to test the familiarity of the applicant with "rules and ordinances covering the installation of tile” or what rules or ordinances are involved.
In Permenter v. Younan, 159 Fla. 226, 31 So.2d 387, 389, we referred to the “ordinary business rule” which, we stated, is to the effect that “an ordinance which vests in municipal authorities arbitrary discretion to grant or revoke a license to carry on an ordinarily lawful business, without prescribing definite rules and conditions for the guidance of the authorities in the execution of their discretionary power, is invalid.” Certainly the business of laying or supervising the laying of tile is, as appellant contends, a form of useful, harmless artisanship which qualifies as “ordinary business”. See also 9 McQuillan, Municipal Corporations, Section 26.64, at page 140.
We are of the opinion that while the ordinance in question might, upon superficial examination, appear to establish some means for the use of an administrative body in determining the competency of an applicant, when these purported standards are considered with the thing to be tested, it becomes evident that in truth and in fact the ordinance establishes no standards at all and leaves the granting or denial of a license wholly within the uncontrolled discretion of the Board. Accordingly, we hold that Ordinance No. 548 of the City of Winter Park contains an unconstitutional and, therefore, fatal delegation of legislative power. Because of the view we take of the case, we deem-it unnecessary to consider the contention of appellant that the trial court erred in holding that the Board was properly constituted under the terms of the ordinance.
The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
TERRELL, C. J., and ROBERTS and O’CONNELL, JJ., concur.
DREW and THORNAL, JJ., dissent.
THOMAS, J., not participating.