HOBSON, Justice.
In State ex rel. Holland v. City of Eau Gallie, Fla., 65 So.2d 877, the Hollands attempted to test the constitutionality of an ordinance of the City of Eau Gallie pertaining to trailer parks. We there declined to pass upon the constitutional question because we were of the opinion that it could not be reached in the procedural situation then prevailing.
The Hollands, appellees here, have now brought the ordinance to the attention of the circuit court, in appropriate proceedings, and have obtained a final decree holding the ordinance unconstitutional as a delegation of legislative power without adequate standards. The chancellor further held that the action of the city in denying to the Hollands a license to operate a trailer park while, at the same time, granting licenses to others similarly situated was arbitrary and discriminatory, that the Hollands’ property is in an area primarily commercial in character, and that the designation of the area as residential is invalid and void. From this final decree the city now appeals.
We find no error m these rulings. It is true that the trailer ordinance, when read with the main zoning ordinance, permits the use of such an arbitrary discrimination as the chancellor found to be involved. See Drexel v. City of Miami Beach, Fla., 64 So.2d 317, and Phillips Petroleum Co. v. Anderson, Fla., 74 So.2d 544. On the validity of the zoning classification of the area wherein the Hollands *787 seek to operate the trailer park, the chancellor’s determination is supported by City of Miami v. Hollis, Fla., 77 So.2d 834.
Certain procedural points are sought to be raised, but we find them adequately answered in the brief filed in behalf of appel-lees.
The judgment appealed from is affirmed.
TERRELL, C. J., and THOMAS and ROBERTS, JJ., concur.
DREW, J., concurs specially.