107 So.2d 387 (1958)
STATE of Florida ex rel. Lorene WARE, d/b/a Lullaby Nursery, Appellant,
v.
CITY OF MIAMI, a municipal corporation of Florida, Appellee.
No. 58-445.
District Court of Appeal of Florida. Third District.
December 18, 1958.
Robert H. Givens, Jr., Miami, for appellant.
William L. Pallot, Miami, for appellee.
PER CURIAM.
The operators of three child day nurseries in the City of Miami applied to the circuit court for a writ of mandamus to compel the city to renew their occupational licenses.
*388 An alternative writ was issued, in which it was shown that relators had complied with the city's requirements, except one calling for a certification of approval of the Florida State Welfare Board. Relators challenged the validity of that requirement.
The respondent city answered, pointing to the failure to obtain the required State Welfare Board approval. The cause was heard on relators' motion for peremptory writ notwithstanding the return. The motion was denied, and the alternative writ of mandamus was quashed. Relator Ware filed a notice of appeal.
On this appeal, relator states the following question:
"Is subparagraph (d) of subsection 6.2 of City of Miami ordinance No. 5651, as amended by ordinance No. 5879, invalid because it constitutes an unlawful delegation of legislative power?"
On February 6, 1957, the city passed ordinance No. 5879, amending its ordinance No. 5651. The earlier ordinance, regulating such nurseries and other establishments, contained a provision setting forth requirements for licenses for private schools and nurseries, as follows:
"6.2 Before any occupational license may be issued to any private school or nursery, or to any individual or organization to operate a private school or nursery, there shall be filed in writing with the License Division of the City of Miami by said school, nursery, individual or corporation the following three items:
"a. Certification by the Dade County Health Unit that said school or nursery has been approved by the Dade County Health Unit.
"b. Satisfactory proof of the valid Florida teaching certificate referred to in subsection 3.2 of this ordinance.
"c. Written permission by the proper officer or officers of the school or nursery for any duly authorized official, agent, or inspector of the City of Miami to inspect the premises or investigate the operation of the school or nursery."
The amending ordinance of February 6, 1957, added a fourth licensing requirement, as follows:
"(d) Written certifications by the Florida State Welfare Board that said school or nursery has been approved by the Florida State Welfare Board, provided, however, that in the event the said school or nursery has applied to said Board for certification and said Board has failed to approve or disapprove said school or nursery within a period of 60 days after written application for said certification, the license Division of the City of Miami may proceed to issue the license to said school or nursery provided, however, all other provisions of this Ordinance (Ordinance 5651 and amendments thereto) have been complied with."
The determinative question is whether the requirement quoted above, for obtaining a certificate showing that the nursery "has been approved by the Florida State Welfare Board", is a lawful requirement to be imposed on a license applicant, or is invalid as an unlawful delegation of the authority and legislative power of the city.
The conclusion is inescapable that the requirement in question, as now worded, amounts to an unauthorized delegation of legislative power by the city. This is so because no guides or standards are set out or even referred to, by which the State Welfare Board could or should determine an applicant's fitness or suitability. To give the ordinance provision validity, it would be necessary that it fix and recite, at least in general terms, the standards to be used and applied, or if it is desired to adopt the standards or minimum standards set by the State Welfare Board, some reference should be made to them. As *389 drawn, the effect of the ordinance is to confer upon the State Welfare Board the authority to grant approval to one yet withhold it from another, at whim, and without guides or accountability.
In arguing for reversal, appellant relies on Pridgen v. Sweat, 125 Fla. 598, 170 So. 653; Florida Industrial Commission v. State ex rel. Orange State Oil Co., 155 Fla. 772, 21 So.2d 599; City of West Palm Beach v. State ex rel. Duffey, 158 Fla. 863, 30 So.2d 491; Phillips Petroleum Co. v. Anderson, Fla. 1954, 74 So.2d 544, and Godshalk v. City of Winter Park, Fla. 1957, 95 So.2d 9.
In City of West Palm Beach v. State ex rel. Duffey, supra, the Supreme Court held invalid a zoning ordinance that provided only uncertain and indefinite requirements for the character and appearance of new structures, saying (30 So.2d at page 492):
"* * * When regulations are to be imposed in order to promote health, welfare, safety and morals it is necessary that exactions be fixed in the ordinance with such certainty that they not be left to the whim or caprice of the administrative agency * * *."
In Godshalk v. City of Winter Park, supra, in holding an ordinance for regulation of tile contractors invalid, the court said (95 So.2d at page 12):
"We are of the opinion that while the ordinance in question might, upon superficial examination, appear to establish some means for the use of an administrative body in determining the competency of an applicant, when these purported standards are considered with the thing to be tested, it becomes evident that in truth and in fact the ordinance establishes no standards at all and leaves the granting or denial of a license wholly within the uncontrolled discretion of the Board. Accordingly, we hold that Ordinance No. 548 of the City of Winter Park contains an unconstitutional and, therefore, fatal delegation of legislative power. * * *"
Many other Florida cases have sustained the proposition that a licensing ordinance must prescribe definite rules and conditions which an applicant shall meet and may not place all power in the undirected and uncontrolled discretion of the licensing authority. Examples include State ex rel. Biscayne Stevedoring Co. v. Turner, 143 Fla. 424, 196 So. 816 (stevedores); Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (recognizing the general proposition, but noting an exception for business of dealing in intoxicating liquor, as not being an ordinary lawful business but a privilege and not a right); Drexel v. City of Miami Beach, Fla. 1953, 64 So.2d 317 (construction of parking garage); North Bay Village v. Blackwell, Fla. 1956, 88 So.2d 524 (zoning ordinance on location of businesses); City of Eau Gallie v. Holland, Fla. 1957, 98 So.2d 786 (trailer park ordinance); City of Naples v. State ex rel. Abbott, Fla.App. 1958, 100 So.2d 78 (licensing of building contractors). See also 33 Am.Jur., Licenses, § 60.
As much as it might enure to the benefit of the public, as an exercise of the city's police power, to impose all reasonable requirements to secure proper operation of nurseries, including a need to meet appropriate standards of the State Welfare Board, lawful means must be employed in the imposition and enforcement of such requirements.
Accordingly, it is our holding that present subsection (d) of section 6 of ordinance No. 5879 of the City of Miami contains an unlawful delegation of legislative power, and we must reverse the order quashing the alternative writ of mandamus and remand the cause for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.