130 So.2d 69 (1961)
Richard W. HUSBAND, Daniel W. Soper, Ralph M. Dreger, Theodore H. Blau and Carroll Truss, as and constituting the Florida State Board of Examiners of Psychology, Appellants,
v.
Abraham M. CASSEL, Appellee.
No. 30884.
Supreme Court of Florida.
May 5, 1961.
Rehearing Denied June 6, 1961.
*70 Richard W. Ervin, Atty. Gen., Gerald Mager and Wilson W. Wright, Asst. Attys. Gen., for appellants
Keen, O'Kelley & Spitz, Tallahassee, for appellee.
John H. Mariano, New York City, as amicus curiae.
BARNS, Justice.
Appellee, Abraham M. Cassel whose vocational pursuit is as a "psychologist", was threatened with criminal prosecution by the appellant, the Florida State Board of Examiners of Psychology, hereinafter referred to as the "Board", on the ground that appellee had not been issued a certificate permitting him to use the title "Psychologist" in conformity with Chapter 490 Florida Statutes, F.S.A., originally being Chapter 57-419. By reason of the threatened prosecution and appellee's claim of a right to pursue his vocation notwithstanding said law, appellee as plaintiff brought a suit seeking a declaratory decree. The appellant Board filed an answer to appellee's complaint, whereupon appellee moved for a summary decree. The Chancellor, upon a hearing of said motion by final decree held F.S. Chapter 490, F.S.A. unconstitutional, whereupon this appeal was prosecuted. We affirm.
F.S. Chapter 490, F.S.A. confers upon the board discretionary powers without definite limitations. This conclusion is clearly demonstrated by reference to Sections 490.04(1) and 490.04(1) (c). Section 490.04[1] specifically *71 provides that before the board may issue a certificate to one as a "Psychologist" the "board shall require any applicant therefor to pass a representative assembled written, and an oral or practical examination in psychology or both * * * oral and practical examinations * * *. The board is empowered to rate the applicant and its decision is final in any examination."
An examination of this section reveals that the only limitations imposed by the legislature upon the board with reference to the examination to be given is that it must be on the field of psychology. This subject is extremely broad and the legislature has failed completely to define or delimit the field either expressly or by implication. As a consequence the board has it within its sole judgment and discretion to determine the nature and scope of the field to be encompassed in the examination determining applicants qualifications as psychologists. The board is thus authorized to examine without limitation or restraints and without benefit of legislative safe guards in the form of limitations.
Section 490.04(1) (c) is objectionable for the same reason as that applicable to F.S. Section 490.04(1), F.S.A. All applicants according to this former section are required to obtain a degree of Doctor of Philosophy with a major in Psychology. This degree must be obtained from a university approved by the board. The legislature has failed to provide any standards to guide the board in its approval of a university. In fact the board is also empowered to determine what constitutes an equivalent degree in the field of psychology without limitations imposed by the legislature. It is thus evident that the board has the unbridled discretion to determine all qualifications of applicants as well as all requirements for the establishment of their competency in order to be certified as psychologists and to practice that profession in the state of Florida.
The legislative power of the State is vested in the Legislature and this power it may not delegate. Section 1 of Article III of the Constitution, F.S.A., provides:
"The Legislative authority of this State shall be vested in a Senate and a House of Representatives, which shall be designated The Legislature of the State of Florida and the sessions thereof shall be held at the seat of government of the State."
The Legislature may perform its function by laying down policies and establishing standards while leaving to selected ministeral agencies the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the legislature is to apply. Spencer v. Hunt, 109 Fla. 248, 147 So. 282; Pridgen v. Sweat, 125 Fla. 598, 170 So. 653; Attwood v. State, Fla., 53 So.2d 825; 11 Am.Jur. Constitutional Law § 240; Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947.
In recognition of the foregoing principles the Supreme Court in Pridgen v. Sweat, 125 Fla. 598, 170 So. 653, 655 stated:
"The Legislature may expressly authorize designated officials within definite limitations to provide rules and regulations for the complete operation and enforcement of the law within its express general purpose, but it may not *72 delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying the law. State v. Duval County, 76 Fla. 180, 79 So. 692; Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789; Spencer v. Hunt, supra; State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969, 32 L.R.A. (N.S.) 639; Id., 60 Fla. 465, 54 So. 394; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446; State [ex rel. Mason] v. Rose, 122 Fla. 413, 165 So. 347."
We are of the conclusion that F.S. Chapter 490, F.S.A. is unconstitutional in that it fails to sufficiently fix the standards to be applied and in effect delegates the application of the statute without sufficient limitations on the discretion of the appellant board.
Affirmed.
THOMAS, C.J., and TERRELL, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] "490.04 Certification

"(1) The Florida state board of examiners of psychology is empowered to grant certificates with the title `Psychologist' to those entitled under the provisions of this chapter. Before granting any such certificate, the board shall require any applicant therefor to pass a representative assembled written, and an oral or practical examination in psychology or both such oral and practical examinations, to be given at such time and place and under such supervision as the board prescribes, and also to submit such references and documents as may be required by the board. The board is empowered to rate the applicant and its decision is final in any examination. Such applicant shall pay fees as specified in § 490.06, and shall satisfy the board that he:
"(a) is of good moral character,
"(b) is a citizen of the United States,
"(c) has received a degree of doctor of philosophy with a major in psychology from a university approved by the board as maintaining satisfactory standards or an equivalent degree in a field of psychology from a similarly approved university,
"(d) has had at least one year's experience in the field of psychology, of a grade, character, and time distribution satisfactory to the board.
"(2) Majority decision of the board is required for the granting of a certificate. The board shall state in writing its reasons for refusal of a certificate to any applicant who has been so denied. Any member of the board who votes against an applicant shall accompany his vote with a written reason therefor."