377 So.2d 653 (1979)
The FLORIDA STATE BOARD OF ARCHITECTURE and the Department of Professional and Occupational Regulation, Appellants,
v.
Carl WASSERMAN, Appellee.
No. 55151.
Supreme Court of Florida.
November 15, 1979.
*654 James C. Rinaman, Jr. and Gerald W. Weedon of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellants.
Edward S. Jaffry of Horne, Rhodes, Jaffry, Stephens, Bryant, Horne & Chapman, Tallahassee, for appellee.
BOYD, Justice.
This cause is before the Court on appeal of a decision of the District Court of Appeal, First District, in which that court passed upon the constitutionality of a state law. Wasserman v. Florida State Board of Architecture, 361 So.2d 792 (Fla. 1st DCA 1978). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In October, 1973, Carl Wasserman applied for admission to the practice of architecture in Florida pursuant to section 467.11, Florida Statutes (1973), which governs admission without examination. This section incorporates by reference the general requirements of section 467.08, Florida Statutes (1973). One of the requirements is a degree from a school or college of architecture. The board of architecture initially rejected the appellee's application on the ground that he did not possess the required degree.
Appellee then petitioned the board for consideration of his application under the equivalency standard in section 467.08(1)(b)5, that is, to decide whether he "had training which shall be found by the board to be fully equivalent to such degree." This second application was denied on the ground that appellee's education, training and experience were not the equivalent of the educational program required for graduation by professional schools and colleges of architecture.
The appellee then instituted a declaratory judgment action, seeking a judicial construction of the "training" equivalency standard of section 467.08. The circuit court held
that the phrase "training which shall be found by the Board to be fully equivalent to" a degree in architecture means that an applicant must have acquired by any combination of private study, classroom education, on-the-job training and/or other practical experience a degree of proficiency found by the Board after study of each applicant's qualifications, to be fully equal to the degree of competency as an architect possessed by a graduate of an accredited school.
Wasserman v. Florida State Board of Architecture, Case No. 74-2138-CA-01 (Fla.2d Cir.Ct. Mar. 5, 1975).
The board then held a hearing on appellee's petition for consideration of his claim of equivalency in light of the circuit court's construction. Again the application was rejected, following which the appellee requested a formal administrative hearing pursuant to section 120.57(1)(a), Florida Statutes (1975). The hearing officer recommended denial of the application, and the board followed the recommendation, once again rejecting appellee's bid for admission to the practice of architecture in Florida.
On appeal, the district court held that section 467.08(1)(b)5 constitutes an unlawful delegation of legislative authority contrary to article III, section 1, Florida Constitution. The statute, the court said, confers upon the board "the unbridled discretion to determine who will and who will not practice architecture in this state." Wasserman v. Florida State Board of Architecture, 361 So.2d at 795.
Section 467.11, Florida Statutes (1973), pursuant to which the appellee sought admission to the practice of architecture without being required to sit for an examination, provides as follows:
Hereafter no person shall be admitted to the practice of architecture in this state without an examination except that a certificate of registration may be issued upon filing of application and payment of the same fees as if qualified by examination to a person who meets the requirements of applicants for examination as set forth in § 467.08 and has passed a *655 standard examination and holds a current certificate issued by the national council of architectural registration boards and who furnishes satisfactory evidence of continued honorable professional practice after the passing of such examination together with satisfactory evidence of his present ability and integrity.
The requirements of applicants for examination, referred to in the above quoted section, are found in section 467.08(1)(b), Florida Statutes (1973):
(b) Any applicant for examination shall establish by satisfactory evidence to the board with his application that:
1. He is twenty-one years of age;
2. He is a citizen of the United States or has pending a declaration of intention so to become;
3. He is of good moral character;
4. He is a graduate of an accredited high school or has education equivalent thereto; and
5. He is either a graduate of a school or college of architecture appearing upon the list of approved schools and colleges of architecture as adopted and published by the board in its rules, with graduation therefrom evidenced by a diploma setting forth the applicant's degree, or has had training which shall be found by the board to be fully equivalent to such degree, and a minimum of one year of diversified training in offices of registered practicing architects.
Section 467.09(1)(a), Florida Statutes (1973), which delineates the scope of the profession of architecture and defines interprofessional privileges between architects and engineers, provides in pertinent part:
[A]ny person who shall be engaged in the planning or design for the erection, enlargement or alteration of buildings for others or furnishing architectural supervision of the construction thereof shall be deemed to be practicing architecture and be required to secure a certificate and all annual renewals thereof required by the laws of this state as a condition precedent to his so doing.
The duty of carrying out the purposes of the state's regulatory statute for architecture is imposed upon the board of architecture. § 467.01(1), Fla. Stat. (1973). The expert qualifications required of board members are set out in section 46.01(2):
(2) No person shall be eligible to appointment as a member of the Florida state board of architecture unless he shall be at the time of his appointment a citizen of the United States, a Florida resident, and a registered architect in this state, nor unless he shall have had at least ten years previous experience in the independent practice of architecture under his own name, of which five years shall have been within the state, or shall have had five years experience in such practice and not less than five years experience as a member of the faculty of the school or department of architecture at the university of Florida or the university of Miami at Coral Gables, Florida.
The legislature is prohibited by the constitution from conferring upon administrative agencies authority which the constitution assigns exclusively to the legislature itself. This is true even of agencies which are of a "quasi legislative" character. McMullen v. Newmar Corporation, 100 Fla. 566, 129 So. 870, 875 (1930). But the legislature may confer the authority to attend to the administrative details of a regulatory program. This Court has enunciated the distinction as follows:
The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. This principle of the law is peculiarly applicable to regulations under the police power, since the complex and ever-changing conditions that attend and affect such matters make it impracticable for the Legislature to prescribe all necessary rules and regulations.

*656 Authority to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations, is not an exclusively legislative power. Such authority is administrative in its nature, and its use by administrative officers is essential to the complete exercise of the powers of all the departments.
The exercise of some authority, discretion, or judgment may be incident or necessary to the performance of administrative or ministerial duties; but such authority, discretion, or judgment is subject to judicial review; and it is not among the powers of government that the Constitution separates into departments.
Bailey v. Van Pelt, 78 Fla. 337, 350, 82 So. 789, 793 (1919); State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969 (1908).
It is not necessary for the legislature, in conferring authority on a tribunal to be charged with some aspect of the police power, to prescribe specific rules of action. Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947). But the discretion that is granted to such an agency must be sufficiently governed by legislative standards as to constitute a judicially reviewable discretion. North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962); Hutchins v. Mayo, 143 Fla. 707, 197 So. 495 (1940).
The district court relied on the case of Husband v. Cassel, 130 So.2d 69 (Fla. 1961). In that case, this Court had for consideration the statute governing the certification of psychologists. The law provided that the board should require applicants to pass an examination. The Court said:
An examination of this section reveals that the only limitations imposed by the legislature upon the board with reference to the examination to be given is that it must be on the field of psychology. This subject is extremely broad and the legislature has failed completely to define or delimit the field either expressly or by implication. As a consequence the board has it within its sole judgment and discretion to determine the nature and scope of the field to be encompassed in the examination determining applicant's qualifications as psychologists. The board is thus authorized to examine without limitation or restraints and without benefit of legislative safe guards in the form of limitations.
Section 490.04(1)(c) is objectionable for the same reason as that applicable to F.S. Section 490.04(1), F.S.A. All applicants according to this former section are required to obtain a degree of Doctor of Philosophy with a major in Psychology. This degree must be obtained from a university approved by the board. The legislature has failed to provide any standards to guide the board in its approval of a university. In fact the board is also empowered to determine what constitutes an equivalent degree in the field of psychology without limitations imposed by the legislature. It is thus evident that the board has the unbridled discretion to determine all qualifications of applicants as well as all requirements for the establishment of their competency in order to be certified as psychologists and to practice that profession in the state of Florida.
Id. at 71.
Whatever may be the continuing vitality of Husband v. Cassel with regard to a statute written as was the one at issue there, and pertaining to the field of psychology, it does not control the case at bar. Architecture is a professional field that is specific and concrete in its scope. There are widely recognized standards with regard to the educational requirements of professional schools of architecture.
When the constitutionality of a statute is questioned, and it is reasonably susceptible of two interpretations, by one of which it would be unconstitutional and by the other valid, a court must adopt the interpretation that will render the statute valid. State v. Gale Distributors, 349 So.2d 150 (Fla. 1977); Levine v. Hamilton, 66 So.2d 266 (Fla. 1953). The two possible interpretations of the statute in question are: *657 (1) that the legislature intended to confer an unfettered discretion with regard to what kind of degree and what kind of equivalent training will be acceptable under section 467.08(1)(b)5; and (2) that the legislature established the degree requirement and the equivalency standard of section 467.08(1)(b)5 with a view toward the widely accepted academic standards of professional schools of architecture.
When the validity of a law depends on the existence of certain facts necessary to be determined by the legislature, the courts will presume that the requisite facts were established to that body's satisfaction. State v. Bales, 343 So.2d 9 (Fla. 1977); Spencer v. Hunt, 109 Fla. 248, 147 So. 282 (1933); McSween v. State Live Stock Sanitary Board, 97 Fla. 750, 122 So. 239 (1929). Thus we conclude that when the legislature established the requirement that an applicant be "a graduate of a school or college of architecture," it did so with reference to a definite conception of what a school or college of architecture is. The phrase "appearing upon the list of approved schools and colleges of architecture as adopted and published by the board in its rules" did not confer on the board the power to approve any school as a school or college of architecture or to recognize any academic degree as meeting the degree requirement. The requirement of a degree from a school or college of architecture establishes a standard by which to evaluate applicants. The training equivalency provision of the statute is governed by the same standard. That is, the legislature intended that the board evaluate the applicant's training by comparing it to the curriculum required for graduation from a school or college of architecture. This Court has reached similar conclusions in previous cases when faced with questions of legislative intent with regard to the regulation of learned professions. See Levine v. Hamilton, 66 So.2d 266 (Fla. 1953); Attwood v. State ex rel. Newman, 53 So.2d 825 (Fla. 1951); Pridgen v. Sweat, 125 Fla. 598, 170 So. 653 (1936); Spencer v. Hunt, 109 Fla. 248, 147 So. 282 (1933).
We hold that section 467.08(1)(b)5 is not an unlawful delegation of legislative authority. The decision of the district court is reversed.
Because of its conclusion on the constitutional issue, the district court did not treat its petitioner's challenge to the evidentiary basis for the final agency action. We remand to the district court so that it may provide the judicial review to which the appellee is entitled.
It is so ordered.
ADKINS, OVERTON and ALDERMAN, JJ., concur.
SUNDBERG, J., dissents with an opinion, with which ENGLAND, C.J., concurs.
SUNDBERG, Justice, dissenting.
Because I believe this case is controlled by the decision of this Court in Husband v. Cassel, 130 So.2d 69 (Fla. 1961), I respectfully dissent. I can neither distinguish the lack of legislative standards and guidelines in this legislation from that under review in Husband, nor can I discern why the majority finds the continuing vitality of that decision to be suspect in view of our consistent and recent adherence to the practice of disapproving the unlawful delegation of legislative authority. See Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978); D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977); Lewis v. Bank of Pasco County, 346 So.2d 53 (Fla. 1977); Sarasota County v. Barg, 302 So.2d 737 (Fla. 1974); Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1968). I would affirm the decision of the District Court of Appeal, First District.
ENGLAND, C.J., concurs.