BARKDULL, Judge.
The appellant seeks review of an order of the Department of Professional Regulation, Board of Architecture, denying his application for licensure as an architect in the State of Florida on the grounds that the appellant did not have a professional degree or ten years’ experience as a practicing architect.
In 1976, the appellant was registered as an architect in the State of Massachusetts. His registration was obtained pursuant to Section 60C of Ch. 112, General Laws of Massachusetts, which provided for registration based upon evidence of graduation from an accredited school of architecture or such practical experience and/or academic experience, or both, as the Board prescribed. The Board promulgated a rule permitting registration upon satisfactory evidence of eight years of practical experience for each year short of the requirements for an academic degree. The applicant would also have to pass the equivalency examination provided by the National Council of Architectural Registration Boards. The appellant met all this criteria and was licensed in Massachusetts.
In September, of 1979, the appellant applied for a licensure in the State of Florida under the provisions of Ch. 481.213(3Xb), Florida Statutes (1979), which provides that the Board shall certify for licensure a person who holds a degree and passes an equivalent licensing examination, or one who has a license in another State whose requirements are substantially equivalent to those in Florida at the time, or who has practiced architecture in another State for ten years. The Board denied the appellant’s application. This appeal followed.
Massachusetts accepted years of verified experience from architectural employers on its face as being equivalent to years spent in educational facilities.[1] On the other hand, Florida at that time provided that applications be reviewed by the appellee’s Educational Advisory Committee to determine, among other things, a comparison of standards for equivalency for applicants who did not hold an academic degree.[2]
The appellant was invited to appear before this Committee for evaluation of his *1270 credentials, but he declined to do so through his counsel.
The appellant’s refusal to appear before the Committee for purposes of evaluating his credentials, in conformity with applicable statutes and administrative rules, mandate affirmance of the order appealed. The appellant should comply with all of the procedural steps necessary for licensure before this court should be required to pass on the sufficiency of the evidence to support the appellee’s ruling. See: Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla.1979).
Therefore, we affirm the Board’s ruling.

.“General Laws — Chapter 112.
Section 60C Every person applying to the board for registration shall submit with his application to the board evidence of graduation from a recognized high school or its equivalent. The applicant shall also submit satisfactory evidence of graduation from an accredited school of architect and of such practical experience in architectural work as the board may by regulation prescribe. In lieu of evidence of graduation from an accredited school of architecture, the applicant may submit satisfactory evidence of such other academic experience, practical experience, or both, as the board may by regulation prescribe. The board shall thereupon examine the applicant in writing, on such technical and professional subjects as are prescribed by it. A written examination may be supplemented by such oral examination as the board may determine. The board may exempt from said written examination a holder of a certificate of qualification issued by the National Council of Architectural Registration Boards.
The board may adopt as its own rules and regulations governing academic and practical experience those guidelines published from time to time by the National Council of Architectural Registration Boards. The board may also adopt the examination and recommended grading procedures of the National Council of Architectural Registration Boards.” (emphasis added)

.Section 467.08, Fla.Stat. (1975)
“Rules governing examination.—
(l)(b) Any applicant for examination shall establish by satisfactory evidence to the board with his application that:
1. He is 18 years of age;
2. He is a citizen of the United States or has pending a declaration of intention so to become;
3. He is of good moral character;
*1270 4. He is a graduate of an accredited high school or has education equivalent thereto; and
5. He is a graduate of a school or college of architecture appearing upon the list of approved schools and colleges of architecture as adopted and published by the board in its rules, with graduation from an acceptable 5 year program with a professional degree of Bachelor of Architecture or professional degree of Master of Architecture, evidence by a diploma setting forth the applicant’s degree; or has had education and training which shall be found by the board to be fully equivalent to such degree. Unless such applicant has had the professional degree of Master of Architecture, such applicant must also demonstrate to the board that he has a minimum of 1 year of diversified experience in offices of registered practicing architects.” (emphasis added)
and the Rule adopted thereunder, 2IB Florida Administrative Code.
Rule 21B-1.06(f):
“The term ‘Education and training which shall be found by the Board to be fully equivalent to such degree’ set forth in Section 478.-08(b)(5) Florida Statutes and in these rules shall mean:
(1) formal education training in architectural curriculum which shall be found by the Board, after receiving the recommendations of the Board’s educational advisory committee, to qualify the applicant for a degree of Bachelor of Architecture from an acceptable five year program or a degree of Master of Architecture from an institution appearing upon the list of approved schools or colleges of architecture adopted and published by the Board in its Rules, where such degree has not actually been conferred on such applicant, or
(2) not less than ten years experience as a registered architect in another state engaged in the active practice of architecture as a principal.”