[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-15738

_____

D. C. Docket No. 00-8570-CV

REBEL ENTERPRISES, INC. a Florida Corporation,
d.b.a. King's Wrecker Service,

Plaintiff-Appellant,

versus

PALM BEACH SHERIFF, Robert Eumann,
EDWARD BIELUCH, Sheriff of Palm Beach County,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 31, 2002)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and DOWD[*], District Judge.

DOWD, District Judge:

## I.

This case was initiated by the appellant, Rebel Enterprises, Inc., a motor vehicle wrecker operator, when it sought injunctive relief and damages from the Sheriff of Palm Beach County after the Sheriff began threatening to arrest appellant's employees for violations of Fla. Stat. § 323.002 (1999), which regulates certain tow truck activities.

The district court denied relief and, on appeal, a preemption issue has been the centerpiece of the efforts of counsel, including the Attorney General of the State of Florida who has filed an amicus curiae brief supporting the district court.[1]

We decline to address the preemption issue because we conclude that, because the County of Palm Beach has never adopted a "wrecker operator system,"

---

[*] Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation.

[1] In its brief, the State has indicated a fourfold interest in the outcome of this case: (1) the validity of its law, *i.e.*, Fla. Stat. § 323.002; (2) the safety of its roadways; (3) its right to delegate regulatory authority to local government; and (4) preservation of the Florida Highway Patrol's wrecker operator system, which is nearly identical to the appellee's system.

the county Sheriff was simply not authorized to arrest or threaten to arrest the employees of the appellant for alleged violations of the applicable Florida statutes.

Therefore, we reverse and remand this action to the district court with instructions to grant injunctive relief and any other relief that is deemed proper.

II.

The relevant facts are not in dispute. In 1998, the State of Florida enacted a statutory scheme which authorizes a county or municipal government to establish a "wrecker operator system" designed to prohibit what is commonly known as "wreck chasing."[2] Where such a system is established, the statute prohibits certain conduct by any wrecker operator who has not been designated as an "authorized wrecker operator." Anyone who violates the statute in specified ways is guilty of a misdemeanor. *See* Fla. Stat. § 323.002.

---

[2] Attempts to control "wreck chasing" have apparently generated considerable litigation across the country, anchored in the claim that such legislative controls are preempted by the Federal Aviation Administration Authorization Act, as codified at 49 U.S.C. § 14501 *et seq.* The Supreme Court recently decided, in a case arising out of the Sixth Circuit, that the federal statute does not bar a state from delegating to municipalities and other local units the state's authority to establish safety regulations governing motor carriers of property, including tow trucks. *See Ours Garage and Wrecker Service, Inc. v. City of Columbus*, -- U.S. -- , 122 S.Ct. 2226 (2002).

The appellee, Sheriff Edward Bieluch[3] of Palm Beach County, has established a rotational tow operator system for that county. The appellant, Rebel Enterprises, Inc., doing business as King's Wrecker Service ("Rebel"), operates tow motor vehicles which are designed to remove wrecked vehicles from the highway. The appellant has declined participation in the Sheriff's rotational system by which a designated "authorized wrecker operator" would be called to the scene of an accident or to the aid of a motorist whose vehicle is disabled. In December 1999, a deputy sheriff advised Rebel that, if it continued to solicit towing services at the scene of a wrecked or disabled automobile, arrests would follow. Rebel was also warned not to utilize a police scanner to monitor police communications.[4]

Rebel filed suit alleging that the enforcement action by the Sheriff has prevented it from soliciting business. Ruling on motions for summary judgment, the district court held, in relevant part, that 49 U.S.C. § 14501(c)(1) does not

---

[3] The original defendant was Sheriff Robert Neumann. When Neumann lost his bid for re-election, Edward Bieluch was automatically substituted for Neumann in this action.

[4] Under the statute, it is unlawful for an unauthorized wrecker operator to solicit business at the scene and/or to monitor communications between the police dispatcher and field units in order to determine the location of a wrecked or disabled vehicle for the purpose of going to the scene to solicit business.

preempt Fla. Stat. § 323.002 and that the ban on roadside solicitation did not infringe Rebel's First Amendment rights. Final judgment was granted in favor of the Sheriff. Rebel appealed.

III.

The parties have raised several issues: (1) whether the Florida statute is preempted by federal law, or if it falls within the "safety exception" to preemption;[5] (2) whether the statute constitutes an improper delegation of the State's safety regulatory authority; (3) whether the rotation wrecker system at issue here falls within the statutory definition of "wrecker operator system;" (4) whether Palm Beach County implicitly authorized its sheriff to adopt a "wrecker operator system;" and (5) whether the statute constitutes an impermissible restriction on commercial speech in violation of the First Amendment. We find the fourth issue dispositive and, therefore, decline to address any other issues, including the question of preemption.

Section 323.002(1)(c) of the Florida Statutes defines "wrecker operator system" as "a system for the towing or removal of wrecked, disabled, or abandoned vehicles, . . . under which a county or municipality contracts with one

_____

[5] The State of Florida has also addressed the preemption issue in its amicus brief.

5

or more wrecker operators for the towing or removal of wrecked, disabled, or abandoned vehicles from accident scenes, streets, or highways."

The statute provides that, in a county or municipality that operates such a system, it is a noncriminal violation punishable by fine "for an unauthorized wrecker operator or its employees or agents to monitor police radio for communications . . . in order to determine the location of a wrecked or disabled vehicle for the purpose of driving by the scene [to solicit business.]" Fla. Stat. § 323.002(2)(a). It is a second degree misdemeanor for an unauthorized wrecker operator to do either of the following: (1) "before the arrival of an authorized wrecker operator, initiate contact with the owner or operator of such vehicle by soliciting or offering towing services, and tow such vehicle[;]" or (2) where the owner or operator initiates the contact, fail to "disclose to the owner or operator of the vehicle that he or she is not the authorized wrecker operator who has been designated as part of the wrecker operator system and [fail to] disclose, in writing, what charges for towing and storage will apply before the vehicle is connected to the towing apparatus." Fla. Stat. § 323.002(2)(b), (c). Finally, the statute makes it a first degree misdemeanor "for a wrecker operator to falsely identify himself or herself as being part of the wrecker operator system." Fla. Stat. § 323.002(2)(d).

6

Under Article VIII of the Florida Constitution, a county is a political subdivision of local government for which the board of county commissioners is the "governing body." Art. VIII, § 1(e). The sheriff and others (e.g., "a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court") are merely *officers* of the county. *Id.*, § 1(d).

The Florida Supreme Court has declared:

> [t]he Legislature *may not delegate* the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. . . .

*Florida State Board of Architecture v. Wasserman*, 377 So.2d 653, 655 (Fla. 1979) (emphasis added) (quoting *Bailey v. Van Pelt*, 82 So. 789, 793 (Fla. 1919)).

Although § 323.002(2) *permits* a county to "operate[ ] a wrecker operator system," the county must still act to adopt the system in the usual legislative manner, that is, by formal resolution or ordinance. Once that step has been accomplished, then the sheriff would be the logical county officer to enforce the provisions. Absent authorization by the *governing body* of the county, the sheriff

does not have the authority to institute a system which carries with it the possibility of criminal penalties. To put it simply: the sheriff cannot *legislate*.

As pointed out by the appellant, there is no record evidence that Palm Beach County has ever officially enacted a "wrecker operator system" as is contemplated by the Florida statute. The district court improperly credited the Sheriff's actions as official legislative actions when it explained that

> the Sheriff's creation and implementation of a rotational tow truck operator system is made pursuant to valid delegation of authority to conduct this proprietary function, which falls under the judicially recognized "municipal proprietor," or "market participant" exception to preemption, and which meets the definition of a "wrecker operator system" within the contemplation of § 323.002, Florida Statutes (1999).

R-3-110, Final Summary Judgment at 7. Although we will not comment on the district court's conclusions with respect to preemption,[6] we do reject the position that *legislative* authority can be delegated to a county *officer*. We hold to the better view that the statute requires legislative action by the board of county

---

[6] We also acknowledge *R.Mayer of Atlanta, Inc. v. City of Atlanta*, 158 F.3d 538 (11th Cir. 1998), *cert. denied*, 526 U.S. 1038, 119 S.Ct. 1334, 143 L.Ed.2d 498 (1999), a case which held that 49 U.S.C. § 14501(c)(1) expressly preempts certain ordinances enacted by the City of Atlanta, Georgia. Without commenting on *R.Mayer*'s conclusions with respect to preemption, we do note that the case is distinguishable because it involved actual ordinances enacted by the Atlanta City Council, not a "wrecker operator system" that arose without county legislative action, but purely as a result of a county sheriff's long-standing practice.

commissioners before the sheriff is empowered to control wrecker operators by means of a "wrecker operator system."

IV.

For the reasons discussed above, we REVERSE the district court's ruling, VACATE the final summary judgment, and REMAND with instructions to grant injunctive relief and any other relief that is deemed proper.